Matter of Lipman (2021 NY Slip Op 03241)





Matter of Lipman


2021 NY Slip Op 03241


Decided on May 20, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:May 20, 2021

PM-60-21
[*1]In the Matter of Avi Joshua Lipman, a Resigned Attorney. (Attorney Registration No. 4205316.)

Calendar Date:April 30, 2021

Before:Garry, P.J., Egan Jr., Lynch, Reynolds Fitzgerald and Colangelo, JJ. 

Avi Joshua Lipman, Seattle, Washington, respondent pro se.
Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany, for Attorney Grievance Committee for the Third Judicial Department.



Per Curiam.
Avi Joshua Lipman was admitted to practice by this Court in 2004 and was later admitted to practice in Washington in 2006. In August 2016, Lipman applied for leave to resign from the New York bar for nondisciplinary reasons; this Court granted his application and removed his name from the roll of attorneys and counselors-at-law (148 AD3d 1454 [2017]). Lipman now applies for reinstatement (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.22 [b]). The Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) has been heard in response and raises no objections, advising that it defers to our discretion on the application.
An attorney seeking reinstatement following nondisciplinary resignation must make his or her application by standardized form affidavit as provided in appendix F to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.22 (b), and provide notice of the application to AGC (see Rules of App Div, 3d Dept [22 NYCRR] § 806.22 [b]). In seeking reinstatement, an applicant "should establish both the requisite legal education or experience and the necessary character and fitness as would be required of an applicant for admission in the first instance" (Matter of Tuve, 171 AD3d 1392, 1393 [2019] [internal quotation marks and citation omitted]; see Matter of Weiss, 166 AD3d 1159, 1160 [2018]; compare Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a] [requiring disbarred or suspended attorneys to additionally show that reinstatement would be in the public interest]).
Here, we find that Lipman has properly completed the required form affidavit, which raises no concerns about his character and fitness to resume the practice of law in this state (see Rules for Attorney Disciplinary Matters [22 NYCRR] appendix F, ¶¶ 12-14). Further, respondent submits proof that he is in good standing in those other jurisdictions where he remains admitted. Finally, he has submitted proof of his compliance with his continuing legal education requirements in Washington, his home jurisdiction, which, in turn, would satisfy similar requirements in this jurisdiction were he to be reinstated (see Rules of App Div, All Depts [22 NYCRR] §§ 1500.5 [b] [1]; 1500.22 [n] [1]). Having thus determined that respondent "has the requisite legal training and experience, as well as the necessary character and fitness, to justify his reinstatement," we grant his application and restore his name to the roll of attorneys in this state, effective immediately (Matter of Weiss, 166 AD3d at 1160; see Matter of Seth, 175 AD3d 1770, 1771 [2019]; Matter of Rosales, 174 AD3d 1280, 1280-1281 [2019]).
Garry, P.J., Egan Jr., Lynch, Reynolds Fitzgerald and Colangelo, JJ., concur.
ORDERED that Avi Joshua Lipman's application for reinstatement is granted; and it is further
ORDERED that Avi Joshua Lipman's name is hereby restored to the roll of attorneys and counselors-at-law of the State of New York, effective immediately; and it [*2]is further
ORDERED that Avi Joshua Lipman shall, within 30 days of the date of this decision, file an attorney registration statement with the Chief Administrator of the Courts pursuant to Judiciary Law § 468-a and Rules of the Chief Administrator of the Courts (22 NYCRR) § 118.1.